IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-00220-PAB

JOHN A. MAHER, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

TIMOTHY M. MARQUEZ,
JOEL L. REED,
DONNA L. LUCAS,
J.C. MCFARLAND,
MYLES W. SCOGGINS,
MARC A. SNELL,
RICHARD S. WALKER,
VENOCO, INC.,
DENVER PARENT CORPORATION, and
DENVER MERGER SUB CORPORATION,

    Defendants.

## ORDER OF DISMISSAL

This matter is before the Court on the January 27, 2012 Order to Show Cause [Docket No. 2]. The Court ordered plaintiff to show cause on or before Monday, February 6, 2012 why this case should not be dismissed due to the Court's lack of subject matter jurisdiction. Plaintiff has not filed a response to the Order to Show Cause.

The complaint alleges that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a). Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

With respect to the citizenship of the parties, the complaint alleges that plaintiff is "a citizen of Texas" and "none of the Defendants are citizens of Texas." Docket No. 1 at 2, ¶ 6. Plaintiff, however, fails to allege the citizenship of any of the individual defendants.[1] Pleading where defendants are *not* citizens is insufficient. *See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011) ("That Mr. Mehrotra is a citizen of Rhode Island and that Zwirn is not considered a citizen of Rhode Island 'is not sufficient to give jurisdiction in a . . . Court of the United States.'") (quoting *Cameron v. Hodges*, 127 U.S. 322, 324 (1888)). Moreover, a review of the complaint reveals that at least one defendant is likely also a citizen of Texas. *See* Docket No. 1 at 6, ¶ 16 (alleging that defendant Richard S. Walker is the "Executive Vice President and Managing Director of the Houston office of DHR International"). Plaintiff has also failed to provide any information about the defendants identified as "Denver Parent Corporation" and "Denver Merger Sub Corporation."

---

[1] A natural person is a citizen of the state in which he or she is domiciled. *See Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id.* at 1260.

Therefore, it is

**ORDERED** that this case is dismissed without prejudice for lack of subject matter jurisdiction.

DATED February 7, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge