IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 12-cv-0220-WJM-CBS

JOHN A. MAHER, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

TIMOTHY M. MARQUEZ,
JOEL L. REED,
DONNA L. LUCAS,
J.C. MCFARLAND,
M.W. SCOGGINS,
MARC A. SNELL,
RICHARD S. WALKER,
VENOCO, INC.,
DENVER PARENT CORPORATION, and
DENVER MERGER SUB CORPORATION,

    Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiff John A. Maher's Motion to Reconsider Dismissal Without Prejudice for Lack of Subject Matter Jurisdiction ("Motion for Reconsideration").[1] (ECF No. 7.) Plaintiff seeks reconsideration of this Court's February 7, 2012 Order dismissing without prejudice his claims for lack of subject matter jurisdiction. (ECF No. 5.) For the following reasons, Plaintiff's Motion for Reconsideration is denied.

---

[1] Plaintiff's Motion is brought pursuant to Federal Rule of Civil Procedure 60. *See* Fed. R. Civ. P. 60(b)(1) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect.").

Plaintiff filed his Complaint in this matter on January 26, 2012. (ECF No. 1.) On January 27, 2012, the Court ordered that, on or before February 6, 2012, Plaintiff shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction. (ECF No. 2.) Plaintiff did not file a response to the Order to Show Cause. On February 7, 2012, the Court dismissed this case without prejudice for lack of subject matter jurisdiction.[2] (ECF No. 5.)

On January 31, 2012, Plaintiff filed a Notice with the Court that he filed a Motion to Consolidate this action with a related action in this District, *Israny v. Venoco, Inc, et al.*, Case No. 12-cv-00164-REB-KLM. (ECF No. 4.) That related action, however, is now administratively closed, but eight similar actions have been consolidated in the Delaware Court of Chancery. *See* Case No. 12-cv-00164-REB-KLM, ECF Nos. 25, 27.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "A motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *National Business Brokers, Ltd. v. Jim Williamson Products, Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (internal citations and quotation marks omitted).

Plaintiff argues in his Motion that the Court's previous Order should be reconsidered: (1) because this Court has subject matter jurisdiction over this action as Plaintiff is a citizen of Texas, and Defendants are all citizens in states other than Texas;

---

[2] On February 23, 2012, this action was reassigned to the undersigned. (ECF No. 10.)

and (2) because the Court should excuse Plaintiff's failure to respond to the Order to Show Cause as "Plaintiff's counsel mistakenly and incorrectly docketed the time by which Plaintiff needed to respond and fully intended to respond in a timely fashion."[3] (ECF No. 7 at 1-4.)

The Court has carefully analyzed the Motion, the relevant Orders, and the briefs at issue. Based on that analysis, the Court finds Plaintiff's arguments unavailing, and declines to vacate its previous Order to Dismiss Without Prejudice.[4]

In accordance with the foregoing, it is therefore ORDERED that Plaintiff's Motion to Reconsider Dismissal Without Prejudice for Lack of Subject Matter Jurisdiction (ECF No. 7) is DENIED.

Dated this 13th day of September, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge

---

[3] Plaintiff does not argue that there was an intervening change in the controlling law or new evidence previously unavailable.

[4] Plaintiff states that "if the Court declines to vacate its dismissal order, Plaintiff will file a new lawsuit alleging identical causes of action against the defendants." (ECF No. 7 at 4-5.) Nothing in this Order prevents Plaintiff from filing a new lawsuit with a complaint that properly alleges subject matter jurisdiction.